■ REGO PARK NURSING HOME, Appellant, v HELEN KRAUGHTO, Respondent. [755 NYS2d 386] —Order and judgment (one paper), Supreme Court, New York County (Paula Omansky, J.), entered August 28, 2002, which denied petitioner nursing home's application to vacate so much of an arbitration award as directed that respondent resident pay only legal interest on petitioner's unpaid charges from only the date of the award, further directed that the arbitrator's compensation be

shared equally by the parties, and further directed, in effect, that the tribunal's administrative costs and expenses be paid by petitioner, and dismissed the petition, unanimously affirmed, with costs.

The arbitration was conducted pursuant to an arbitration clause in the parties' agreement that empowered the arbitrator to resolve any claims by petitioner that respondent failed to pay its charges, and further provided that "[a]ny and all costs incurred in the above (i.e., failure to make payments), including but not limited to attorney's fees, shall be [respondent's] responsibility." We note that the arbitrator's decision characterized petitioner's charges as "arbitrar[y]" in certain respects, and awarded petitioner unpaid charges amounting to less than it sought. Petitioner claims that the arbitrator's award of legal interest (9%) from the date of the award ignored a provision of the agreement that interest be paid at the rate of 1.5% per month on any outstanding balance over 30 days, and that award's directives concerning the sharing of the tribunal's expenses and the arbitrator's compensation ignored the arbitration clause itself insofar as it provided that such costs were respondent's responsibility. With respect to interest, any arbitrator error is not judicially reviewable since the purported limitation on the arbitrator's authority is not contained in the arbitration clause itself (*see Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 308). With respect to costs, petitioner does not claim that the question was not submitted to the arbitrator (*see id.* at 309), and we reject petitioner's argument that the arbitrator's resolution on costs was totally irrational. Indeed, as the IAS court explained, assuming the arbitrator erred by ordering the parties to share costs, the attempt to do justice was manifestly reasonable in view of the finding that petitioner's billing practices were arbitrary (*see id.* at 308). Concur—Tom, J.P., Mazzarelli, Ellerin, Williams and Marlow, JJ.